**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JAMES RAY MOORE,** | ) | **CASE NO. 8:10CV246** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SHERIFF OF DOUGLAS COUNTY NEBRASKA, and DANGEROUS SEXUAL OFFENDER ACT OF NEBRASKA, NRS S.29-4001,** | ))))) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on June 30, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against two Defendants, the Douglas County, Nebraska Sheriff and the "Dangerous Sexual Offender Act of Nebraska," a Nebraska state statute. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are very sparse. Plaintiff alleges that, because of his prior convictions for "several sexual offenses," he is required to register under the "Dangerous Sexual Act." (*Id.*) Plaintiff alleges this is "Ex-post-facto" because he must now "report to Defendant Sheriff." (*Id.*) Plaintiff seeks monetary relief and requests that this court declare that the "Dangerous Sexual Act" is "Ex-post-facto in its application to" Plaintiff. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff names the Douglas County Sheriff as a Defendant. (Filing No. 1.) Regarding this Defendant, the court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court

"assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which the individual Defendant is sued. (Filing No. 1.) Therefore, as set forth above, the court assumes that Defendant Douglas County Sheriff is sued in his official capacity only. The claims against this individual Defendant, in his official capacity only, are actually claims against his employer, Douglas County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority

3

to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Douglas County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended

4

complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff also names the "Dangerous Sexual Offender Act of Nebraska" as a Defendant in this matter. (Filing No. 1.) The court has located no authority supporting the proposition that a state statute is a person or entity which can sue or be sued under Nebraska law, nor has Plaintiff cited any. *See* Fed. R. Civ. P. 17(b)(3) (stating that, for entities other than individuals or corporations, "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located"). As such, the court finds that a Nebraska state statute is not a person or entity which can be sued and the "Dangerous Sexual Offender Act of Nebraska" is therefore dismissed from this matter.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 21, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against Douglas County, Nebraska, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 21, 2010**, and dismiss if none filed;

---

[1] To the extent Plaintiff wishes to sue the State of Nebraska, challenging the constitutionality of the "Dangerous Sexual Offender Act of Nebraska" as applied to him, he has not set forth a single allegation supporting such a challenge. (Filing No. 1.) If Plaintiff wishes to set forth such a challenge, he may do so in his amended complaint.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice;** and

5. Defendant "Dangerous Sexual Offender Act of Nebraska" is dismissed from this matter.

DATED this 21st day of September, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6